UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONDA KAYE HUBBARD,

    Plaintiff,

    v.

KANSAS DEPARTMENT OF HEALTH
AND ENVIRONMENT, et al.,

    Defendants.

Case No. 24-4077-DDC-RES

**REPORT AND RECOMMENDATION**

The Court previously granted Plaintiff's motion to proceed without the prepayment of fees in accordance with 28 U.S.C. § 1915. ECF No. 6. The Court, however, expressly did not direct service of process on Defendants because the Court intended to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at 1. After screening the Complaint, the Magistrate Judge recommends the District Judge dismiss any federal claims without prejudice for failure to state a claim on which relief may be granted. The Magistrate Judge further recommends that the District Judge decline to exercise supplemental jurisdiction over any state law claims and dismiss them without prejudice.

**I.    BACKGROUND**

On August 13, 2024, Plaintiff filed a Complaint, utilizing the District's civil complaint form, and filed a Motion to Proceed In Forma Pauperis. ECF Nos. 1, 3. In her Complaint, Plaintiff appears to name 11 separate Defendants. She names Roger Fincher, who is identified as employed at "Fincher Law Injury & Accident Lawyers," and names the additional Defendants as "SSA, KDOL, DCF, KanCare Clearinghouse, KDHE, KDADS, Office of Administrative Hearings, Grace Med Clinics, KU Campus St. Francis, Stormont-Vail . . . ." ECF No. 1 at 2.

With regard to the jurisdiction to proceed in federal court, Plaintiff indicated there is diversity jurisdiction. ECF No. 1 at 2. She identified herself as a citizen of Kansas and listed two Defendants as being citizens of Kansas.[1] *Id.* at 2. The Complaint also stated the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, federal question jurisdiction, because Plaintiff is asserting claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *Id.* at 3.[2]

In the statement of claim section of the form complaint, Plaintiff alleges that:

- Roger Fincher, neglected to do what was best for me, no due process changing date on injury from July 17, 2012 to June 17, 2012.

- Kansas Department of Health and Environment, Kansas Department of Children & Families, KanCare ClearingHouse, KDOL, SSA with both Hospitals denied health treatment and other federal benefits. And Grace Med Clinics

*Id.* (language, punctuation, bullet points, and capitalization original). For relief, Plaintiff seeks, among other things, "$166 million dollars, medical treatment, insurance, and so much more . . . I need protection as well as my family members." *Id.* at 4.

On August 21, 2024, Plaintiff filed a Supplement to the Complaint, which consisted of 111 pages. ECF No. 5. The Supplement is an amalgamation of documents that include: medical records (ECF No. 5-1 at 91-96, 100-111); receipts from Office Depot (*id.* at 73, 89); various forms

---

[1] The form civil complaint states that if there are more than two defendants, then additional pages should be attached to the complaint setting forth the relevant information about these additional defendants, but there were no additional pages attached to the Complaint. ECF No. 1 at 2.

[2] Plaintiff also checked the box for jurisdiction under 28 U.S.C. § 1343, which grants federal courts jurisdiction for, among other things, suits seeking damages under 42 U.S.C. § 1985 or to redress the deprivations of rights under the color of state law, such as a suit initiated under 42 U.S.C. § 1983. *See Elliot v. Chrysler Financial*, 149 F. App'x 766 (10th Cir. 2005) (discussing jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983).

and applications (*id.* at 23, 40-47, 56, 66-68, 97-98); filings from an administrative proceeding (*id.* at 58-59, 61-62, 70-72, 75-76, 78-80); and what appears to be correspondence. The dates on the documents appear to range from May 11, 2016, to August 6, 2024. The documents are not arranged chronologically, topically, or by another method that can be discerned.

On August 22, 2024, the Court permitted Plaintiff to proceed in forma pauperis and stated, "Plaintiff's Complaint, as drafted, likely violates Fed. R. Civ. P. 8(a)." ECF No. 6 at 2 (footnote omitted). The Court observed that "Plaintiff's Complaint is devoid of any facts that explain what each Defendant did to her, how their actions harmed her, and what specific legal rights she believes each Defendant violated." *Id.* at 3. The Court acknowledged Plaintiff had filed a Supplement to the Complaint but explained, "[t]he Federal Rules of Civil Procedure do not recognize a 'Supplement' to a complaint." *Id.* (citing Fed. R. Civ. P. 7(a)). The Court further stated, "[t]o the extent Plaintiff wishes to incorporate any relevant information from these 111 pages of documents, she must specifically include such information in an amended complaint, which again must be only a short and plain statement of her claims." *Id.*

The Court expressly granted leave for Plaintiff to file an amended complaint that would address these deficiencies and gave Plaintiff nearly a month, or until September 20, 2024, to file an amended complaint. *Id.* The Court instructed that any amended complaint must contain "a short and plain statement explaining what each Defendant did or failed to do; when each Defendant committed these acts or omissions; how Defendants' acts or omissions harmed Plaintiff; and why Plaintiff believes those acts or omissions entitle her to compensation or other relief." *Id.* at 3-4.

Since that Order, Plaintiff has filed a series of documents, none of which appear to be an amended complaint consistent with the Court's Order. On September 17, 2024, she filed two

3

documents that were docketed as Responses, which are identical except one was directed to the District Judge, and the other was directed to the Magistrate Judge. *See* ECF No. 8-9.[3]

## II.   DISCUSSION

### A.   Legal Standard

The Tenth Circuit applies "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [is] employ[ed] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The measure for a 12(b)(6) motion is whether the complaint plausibly states a claim on its face in accordance with the requirements of Fed. R. Civ. P. 8(a) and applicable case law. *See Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 931 (10th Cir. 2015).

Under Rule 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." To comply with Rule 8(a), a plaintiff must explain "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court will "construe a pro se [litigant's] complaint liberally." *Kay*, 500 F.3d at 1218 (internal quotations omitted) (citing *Gaines v. Stenseng,* 292 F.3d 1222, 1224 (10th Cir. 2002)). But the Tenth Circuit "'has repeatedly insisted that pro se parties follow the same rules of

---

[3] The District Judge directed the Clerk's Office to combine the responses and docket it as an objection to the Magistrate Judge's order denying the motion to appoint counsel, which was subsequently denied. ECF Nos. 10-12. Even if Plaintiff intended the Responses to supplement or amend the Complaint, it would not change the recommendation of dismissal.

procedure that govern other litigants.'" *Id.* (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). As such, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

### B. The Complaint Fails to Allege Any Facts in Support of Any Federal Claims

Plaintiff's Complaint contains only two bullet points that purport to be her Statement of Claims. As the Court previous explained, these two bullet points wholly fail to explain what each Defendant purportedly did and how such conduct violated any law, which is why the Court expressly granted Plaintiff leave to file an amended complaint to address these deficiencies. ECF No. 6 at 2-3. She did not file an amended complaint and the failure to allege any facts indicating what each Defendant did in violation of the law alone is a basis to dismiss Plaintiff's Complaint. *See, e.g., Hardaway v. Kansas*, No. 11-3059, 2011 WL 1466467, at *1 (D. Kan. Apr. 18, 2011) ("It has reasonably been held that a person should not be allowed to proceed [in forma pauperis] if his or her complaint is 'so lacking in specific facts that the court must invent factual scenarios which cannot be inferred from the pleadings.'" (citations omitted)).

But even if Plaintiff had asserted any facts, the Complaint fails to allege how such facts support any federal claims against the named Defendants. Plaintiff cites to two federal statutes, 42 U.S.C. §§ 1983 and 1985, as the bases for her federal claims. Those statutes, however, do not authorize suits against the federal government or its agencies, which would include at least the Social Security Administration. ECF No. 1 at 2.[4] Similarly, those statutes also do not permit suits

---

[4] *See, e.g., Willard v. Mayorkas*, No. 2:21-CV-2538, 2022 WL 21778529, at *6 (D. Kan. July 19, 2022) ("Section 1983 is not applicable to the federal government. . . ."); *Luttrell v. Runyon*, 3 F. Supp. 2d 1181, 1187 (D. Kan. 1998) ("The United States may not be sued without

5

against the State or its agencies, which could include at least Defendants the Kansas Department of Labor, Kansas Department of Health and Environment, Kansas Department for Children and Families, Kansas Department of Aging and Disability Services, and the Office of Administrative Hearings.[5]

Plaintiff also named what appear to be nongovernmental entities, including Roger Fincher, Grace Med Clinics, and Stormont-Vail.[6] *Id.* It is possible to allege a § 1983 claim against a nongovernmental entity, but Plaintiff does not allege that any of these entities were acting under color of state law or in conspiracy with individuals acting under color of state law.[7] Claims brought pursuant to 42 U.S.C. § 1985 similarly require allegations of a conspiracy.[8]

---

its consent, and the United States has not consented to be sued under the civil rights statutes, including § 1985.").

[5] *See, e.g., Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003) (affirming a district court holding that "neither a state nor a state agency is a 'person' for purposes of § 1983." (citing *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 64, 71, (1989)); *Jorgensen v. Oklahoma Juv. Affs. Off*., No. CIV-18-798, 2019 WL 13274351, at *2 n.1 (W.D. Okla. Apr. 11, 2019) ("To the extent, plaintiffs are alleging a conspiracy claim under 42 U.S.C. § 1985, courts have also held that such claim fails because a state agency or a state official sued in his or her official capacity is not a 'person' within the meaning of § 1985." (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *Scott v. Conley*, 2016 WL 4257507, at *4 (D. Utah July 18, 2016))).

[6] The Court recognizes there are entities, KU Campus St. Francis and KanCare Clearinghouse, for which it is unclear if they are part of an agency or if they are nongovernmental entities. Because the claim would fail either way, the Court need not resolve the issue.

[7] *See, e.g., Braun v. Stotts*, No. CIV. A. 93-3118, 1997 WL 383034, at *7 (D. Kan. June 19, 1997) ("Although a plaintiff may bring a section 1983 conspiracy claim against nongovernmental defendants who allegedly conspired with individuals acting under color of state law to deprive the plaintiff of his constitutional rights, . . ., [the plaintiff] fails to allege any agreement and concerted action."), *aff'd*, 134 F.3d 382 (10th Cir. 1998).

[8] *See, e.g., Diaz v. New Mexico*, No. CIV 99-1371, 2001 WL 37125327, at *2 (D.N.M. Jan. 12, 2001) ("By its very terms, 42 U.S.C. § 1985 requires a conspiracy between 'two or more persons.'").

Here, Plaintiff has not alleged any agreement or concerted action between any of the parties. ECF No. 1. This eliminates the possibility of a § 1983 claim against the nongovernmental parties, who are not otherwise alleged to be operating under the color of state law, and it is also fatal to a § 1985 claim among the nongovernmental parties. *Diaz*, 2001 WL 37125327, at *2 (failing to allege conspiracy required dismissal of 42 U.S.C. § 1985 claim); *Braun*, 1997 WL 383034 at *7 (failing to allege agreement or concerted action with someone operating under color of state law required dismissal).

There are no other federal claims alleged in Plaintiff's Complaint. For the above reasons, the Magistrate Judge recommends the District Judge find the Complaint fails to state claims under § 1983 and § 1985.

### C. Plaintiff's Various Supplements to the Complaint Do Not Allege Any Facts that Support Any Federal Claims

Plaintiff has filed multiple documents that either expressly are intended or could be construed as attempts to supplement her Complaint. None of these documents appear to be an amended complaint, and the Court is under no obligation to consider any of these documents.[9] But even if the Court considered any of these documents, none of these documents change the Court's analysis that this lawsuit should be dismissed for failure to state a federal cause of action.

---

[9] *See, e.g., Martinez v. New Mexico*, No. 2-24-CV-00189, 2024 WL 1486062, at *2 (D.N.M. Apr. 5, 2024) ("The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted." (citations omitted)); *Birinder Kaur Shankar v. Wells Fargo Bank NA*, No. 14-CV-02000, 2015 WL 870797, at *2 (D. Colo. Feb. 26, 2015) ("Attaching documents to a complaint instead of specifying factual allegations is insufficient because Rule 8 requires a plaintiff to file a 'pleading' containing a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a). . . . Fed. R. Civ. P. 7 does not define attachments to a complaint as pleadings, nor will the Court treat such attachments as pleadings.").

### 1. Plaintiff's Supplement, ECF No. 5

Plaintiff filed a Supplement, which is 111 pages of documents with no discernable organization. ECF No. 5. The Court does not see any obvious connections between the documents in the Supplement and the allegations in the Complaint. The Court will not review 111 pages to determine what, if any, relevance these documents have to Plaintiff's claims. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (observing that the appellate courts "like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it." (citations omitted)). As such, the Supplement does not change the recommendation of dismissal.

### 2. Plaintiff's Responses, ECF Nos. 8-9

On September 17, 2024, Plaintiff filed two substantively identical "Responses." ECF Nos. 8-9. These documents are letters to the Court that discuss a variety of procedural issues in the litigation, including Plaintiff's request for appointment of counsel. *Id.* On their faces, neither letter appears to be an amended complaint.

But on October 7, 2024, Plaintiff filed another "Supplement," which appears to claim that ECF No. 9 was intended by Plaintiff to be an amended complaint. ECF No. 14 at 1 (stating that ECF No. 9, filed on September 17, 2024, was "an amended complaint"). Again, even if the September 17, 2024 letter could be construed as an amended complaint, it fails to establish any facts in support of any federal claims. The letter cites to a conflict-of-interest rule, which the Court interprets as a reference to the Rules of Professional Responsibility for attorneys, and three Kansas statutes. ECF No. 9. At best, those citations might constitute an attempt to allege a state law cause of action, but none of these citations create a federal cause of action. For these reasons, even if

8

the Court were to consider the Response as her amended complaint, such consideration does not change the recommendation of dismissal.

### D. Dismissal of Any State Law Claims

As explained above, Plaintiff's Complaint has not plausibly alleged any discernable federal claim. Because Plaintiff's federal claims are subject to dismissal, the Court must have an independent basis to continue exercise jurisdiction over any possible state law claims.

The Complaint does not allege a factual basis to support diversity jurisdiction. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P*., 805 F.3d 901, 905 (10th Cir. 2015); *see also* 28 U.S.C. § 1332(a)(1) (requiring that the action be between "citizens of different States"). Plaintiff, however, has alleged that she and at least two of the named Defendants are Kansas citizens. ECF No. 1 at 2. Therefore, complete diversity of citizenship is lacking.

Although the Complaint does not invoke it, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over state law claims when the Court has original jurisdiction over other claims. But "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998); *see also Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138-39 (10th Cir. 2004) (explaining that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction); 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all

claims over which it has original jurisdiction"). Indeed, courts routinely decline to exercise supplemental jurisdiction over state-law claims when federal claims do not survive screening.[10]

Therefore, the Magistrate Judge recommends that the District Judge should not exercise supplemental jurisdiction over any state law claims and should dismiss this matter.

## III.   CONCLUSION

For the reasons explained above, the Magistrate Judge recommends that the District Judge: (1) dismiss Plaintiff's federal claims without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's Complaint does not state a claim upon which relief may be granted; and (2) decline to exercise supplemental jurisdiction over any remaining state law claims and dismiss them without prejudice. A copy of this Report and Recommendation shall be mailed to Plaintiff.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

---

[10] *See, e.g.*, *Richmond v. Original Juan & Spicin Foods*, No. 21-2500-DDC-TJJ, 2022 WL 103290, at \*3 n.2 (D. Kan. Jan. 11, 2022) (dismissing federal claims on screening and declining to exercise supplemental jurisdiction to the extent plaintiffs alleged plausible state law claims); *Pledger v. Russell*, No. 16-2770-JAR-GLR, 2016 WL 11185553, at \*2 (D. Kan. Dec. 7, 2016) (same), *report and recommendation adopted*, No. 16-2770-JAR, 2017 WL 64977 (D. Kan. Jan. 6, 2017); *Tinner v. Foster*, No. 11-2695-EFM-KGG, 2012 WL 1473417, at \*6 (D. Kan. Apr. 27, 2012) (same); *see also Drake v. Sometime Spouse, LLC*, 784 F. App'x 602, 605 (10th Cir. 2019) (finding that the district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over plaintiff's state law claims when the federal claim had not survived screening).

Dated: October 15, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge