## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONDA KAYE HUBBARD,

                    Plaintiff,

v.                                                    Case No. 24-4077-DDC-RES

KANSAS DEPARTMENT OF HEALTH
AND ENVIRONMENT, et al.,

                    Defendants.

## MEMORANDUM AND ORDER

This matter comes to the court on Magistrate Judge Rachel E. Schwartz's Report and Recommendation (Doc. 15) about pro se[1] plaintiff Ronda Kaye Hubbard's Complaint (Doc. 1). Magistrate Judge Schwartz recommends that the court (1) dismiss plaintiff's federal claims without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because the Complaint (Doc. 1) doesn't state a claim upon which relief may be granted; and (2) decline to exercise supplemental jurisdiction over any remaining state law claims and dismiss them without prejudice. Doc. 15 at 10. Also before the court is plaintiff's Motion for Review (Doc. 21), which the court liberally construes as an objection to Magistrate Judge Schwartz's Report and Recommendation (Doc. 15) and her Order (Doc. 20) denying plaintiff's Motion for Recusal (Doc. 19).

---

[1] Plaintiff proceeds pro se. The court construes her filings liberally and "hold[s] them to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

This Order adopts Magistrate Judge Schwartz's recommendation and dismisses plaintiff's Complaint (Doc. 1). This Order also overrules plaintiff's objections to Judge Schwartz's Order (Doc. 20) on plaintiff's Motion for Recusal (Doc. 19) and affirms that Order. The court explains these holdings, below.

## I.      Background

Plaintiff filed a Motion for Review (Doc. 21). This filing is difficult to follow.[2] Liberally construing plaintiff's motion, the court interprets it to ask the court to review both Magistrate Judge Schwartz's Report and Recommendation (Doc. 15) and her Order (Doc. 20) denying plaintiff's Motion to Recuse (Doc. 19). *See* Doc. 21 at 1–2 ("I pray that you will 'REVIEW' each document and supplemented and amended documents and responses made by myself Ronda K. Hubbard and by Magistrate Judge Rachel E. Schwartz to get a clear picture of the reasoning for this action."). But plaintiff's motion is devoid of any specific objections to either Magistrate Judge Schwartz's Report and Recommendation or her Order denying plaintiff's Motion to Recuse. *See generally* Doc. 21.

## II.     Report and Recommendation

Plaintiff received notice of her right to file an objection to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b). Doc. 15 at 10. The Report and Recommendation also explained that plaintiff, to secure appellate review, must file any objections within the 14-day period. *Id.* The Clerk sent a copy of the Report and Recommendation to plaintiff by regular and

---

[2]      Plaintiff titled her document "Rule 8.03 A Summary Petition for Review[.]" Doc. 21 at 1. The title of plaintiff's document—evidently—refers to Kansas Supreme Court Rule 8.03A. That rule doesn't apply here. It provides an expedited procedure for summary review of decisions from the Kansas Court of Appeals by the Kansas Supreme Court. Kan. Sup. Ct. R. 8.03A(a). To say the obvious, federal courts apply federal—not state—procedural rules.

certified mail, using the address plaintiff provided to the court.  *See id.*; Doc. 18 (showing certified mail receipt returned).  Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).  "Mailing" occurred on October 15, 2024, when the Clerk mailed the Report and Recommendation to plaintiff.  *See* Doc. 15.  Thus, the time for plaintiff to file an objection expired on October 29, 2024.

Plaintiff filed her Motion for Review (Doc. 21) on November 7, 2024.  According to Fed. R. Civ. P. 72(b)(2) and D. Kan. Rule 72.1.4(b), a party must object to a magistrate judge's recommended disposition within 14 days after service of a copy.  So, plaintiff's filing is untimely.  The court thus could strike plaintiff's motion on that basis alone.  *See Lemmons v. Houston*, 633 F. App'x 664, 666–67 (10th Cir. 2015) (affirming district court striking untimely objection to report and recommendation).

But even if plaintiff had filed the objection timely, the court would still affirm and adopt Magistrate Judge Schwartz's Report and Recommendation (Doc. 15).  Plaintiff's motion fails to identify specific issues with Magistrate Judge Schwartz's Report and Recommendation.  That failure precludes the court's review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Adargo v. U.S. Parole Comm'n*, 26 F. App'x 795, 797 (10th Cir. 2001) ("Objections to the magistrate's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute.").

Our Circuit's decision in *Apodaca v. Corizon Health Care* is instructive. 752 F. App'x 551 (10th Cir. 2018). There, a pro se plaintiff filed an untimely objection to the magistrate judge's report and recommendation. *Id.* at 552. The district court concluded that even if the court excluded timeliness, it wouldn't provide any "meaningful benefit" because the plaintiff's objections "failed to identify specific errors in the magistrate judge's Report and Recommendation." *Id.* at 553. Our Circuit affirmed. *Id.* at 554. The same principle applies here. Excusing the untimeliness of plaintiff's motion provides no "meaningful benefit" because plaintiff's objection wholly fails to identify specific legal or factual errors in Magistrate Judge Schwartz's Report and Recommendation.

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge Schwartz's Report and Recommendation (Doc. 18), the court determines that Magistrate Judge Schwartz's analysis and conclusions are sound. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The court thus adopts Magistrate Judge Schwartz's recommendation. The court (1) dismisses plaintiff's federal claims without prejudice under § 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff's Complaint (Doc. 1) does not state a claim upon which relief may be granted; and (2) declines to exercise supplemental jurisdiction over any remaining state law claims and dismisses them without prejudice. The court thus accepts, adopts, and affirms Magistrate Judge Schwartz's Recommendation and Report (Doc. 15). The court considers plaintiff's objection to the Motion to Recuse Order, next.

## III.    Motion to Recuse

The court likewise overrules plaintiff's objection to Magistrate Judge Schwartz's Order (Doc. 20) denying plaintiff's Motion to Recuse (Doc. 19). A motion to recuse is a

nondispositive motion.  *Mead v. Huff*, No. 21-4092-HLT-ADM, 2022 WL 1014775, at *1 n.1 (D. Kan. Apr. 5, 2022).

When reviewing a magistrate judge's order deciding nondispositive, pretrial matters, the district court applies a "'clearly erroneous or contrary to law'" standard of review.  *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under the clearly erroneous prong of this standard, a district judge does not review factual findings de novo; instead, the court must affirm a magistrate judge's findings unless a review of the entire evidence leaves the district judge "with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted).  The clearly erroneous standard is "significantly deferential."  *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002) (quotation cleaned up).  The contrary to law aspect of this standard of review permits a district judge to conduct an independent review of purely legal determinations made by the magistrate judge.  *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted).  A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Walker v. Bd. of Cnty. Comm'rs*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citation omitted).  Finally, objections to a magistrate judge's orders must "'be both timely and specific.'"  *Tunnell v. Gill*, No. 14-3206-DDC-KGS, 2018 WL 4154130, at *1 (D. Kan. Aug. 30, 2018) (quoting *One Parcel*, 73 F.3d at 1060).

Here, plaintiff's objection is timely.  Magistrate Judge Schwartz issued the Order (Doc. 20) on October 30, 2024, and plaintiff filed her Motion for Review (Doc. 21) on November 7,

2024, within the 14-day period following publication of the Order.  But plaintiff's motion fails to specify any legal or factual deficiency in that Order.  *See generally* Doc. 21; *see also Tunnell*, 2018 WL 4154130, at *1 (explaining that if a plaintiff fails to make a timely and specific objection, she fails to preserve the issue for appellate review).  And the court's review of Magistrate Judge Schwartz's Order reveals that it is neither clearly erroneous nor contrary to law.  Quite the opposite, Magistrate Judge Schwartz's Order correctly identifies and applies governing law on recusal, and easily overcomes the contrary-to-law hurdle.  Plaintiff identifies no reason that Magistrate Judge Schwartz should recuse herself beyond adverse rulings and "delaying the case[.]" Doc. 19 at 2.  But our Circuit has rejected squarely the contention that adverse rulings may support disqualification.  *United States v. Cooley*, 1 F.3d 985, 993–94 (10th Cir. 1993).  And the chronology of this case doesn't reflect any delay.  So, even under a less deferential standard of review, the court still would overrule plaintiff's objection.  Under the highly deferential clearly erroneous standard of review, the court does so easily.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Ronda Kaye Hubbard's Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Rachel E. Schwartz on October 15, 2024 (Doc. 15) is **ACCEPTED, ADOPTED, and AFFIRMED.**

**AND IT IS FURTHER ORDERED THAT** plaintiff Ronda Kaye Hubbard's Motion for Review (Doc. 21) is denied.  The Order issued by United States Magistrate Judge Rachel E. Schwartz (Doc. 20) is affirmed.

**IT IS SO ORDERED.**

Dated this 15th day of November 2024, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge